IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. GEIST and BECKY PARKER GEIST, | No. C 10-1879 SI |
| Plaintiffs, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT; DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT; GRANTING MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND** |
| v. | |
| ONEWEST BANK, *et al.*, | |
| Defendants. | |

A number of motions are scheduled for a hearing on August 13, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant IMB REO LLC's motion to set aside the default, DENIES plaintiffs' motions for default judgment, and GRANTS defendant OneWest Bank's motion to dismiss the complaint. If plaintiffs wish to amend the complaint, they must do so no later than **August 23, 2010.**

**BACKGROUND**

On April 30, 2010, *pro se* plaintiffs John and Becky Geist filed this complaint against OneWest Bank, Indymac Bank, Quality Loan Service Corporation, IMB REO LLC, First Source Financial USA, Inc., "John Doe and Jane Doe 1-100," and "One Up." The complaint seeks to vacate the non-judicial foreclosure of their house at 724 Appleberry Drive, San Rafael, California. The complaint alleges that on June 14, 2001, plaintiffs "unwittingly" executed a deed of trust ("DOT") naming First Source Financial as the original lender, beneficiary, and servicer. Compl. ¶ 9. California Land Title was named

as Trustee. *Id.* "Plaintiffs were unaware, nor ever made aware prior to or during either settlement,[1] by any Defendant(s), and/or their representative(s) that the DOT they affixed their signatures to contained hidden clauses that in legal effect created a cognovit note, that once signed, stripped the Plaintiffs of their Due Process and other rights." *Id.* ¶ 10. The complaint alleges that according to the Marin County Office of Records, there is no recorded succession of trustee from California Land Title as the original trustee to any other party. *Id.* ¶ 13.

On or about August 20, 2009, a "Notice of Default and Election to Sell under Deed of Trust" was executed on behalf of Quality Loan Service Corporation, as agent and "purported Substitute Trustee" for OneWest Bank. *Id.* ¶ 14. The complaint alleges that Quality was not a Trustee at the time the Notice of Default was filed. *Id.* On October 5, 2009, a Substitution of Trustee was recorded by the Marin County Recorder, naming Quality as purported Substitute Trustee for OneWest. *Id.* ¶ 15. "Said Substitution of Trustee was signed and notarized on August 26, 2009, <u>six (6) days after the August 20th Notice of Default had been filed by QUALITY</u>. As noted above, ONEWEST had no authority to file a Substitution of Trustee." *Id.* (emphasis in complaint). The complaint alleges that during the summer of 2009, "we became aware through research of the herein referenced fraud that had been perpetrated upon us, including the shocking discovery that through the deceptive acts of the Defendants we had not in fact received valuable consideration for the DOT; that we had essentially and unwittingly given away our home to the bank for free." *Id.* ¶ 16.

On October 2, 2009, plaintiffs officially sent by certified mail a Notice of Right to Cancel "to all parties that may have touched the original promissory note and DOT, declaring that we had discovered their acts of fraud in the execution of said instruments." *Id.* ¶ 17. "All parties including defendants ONEWEST and QUALITY having stayed in silence more than the requisite 20 days given, and as such accepting the new contract terms, a 12 U.S.C. 93 Forfeiture of Franchise was established on or about October 26, 2009. Plaintiffs, on October 29, 2009, Noticed Defendants with a Notice of Removal, order to Cease and Desist, with Actual and Constructive Notice, and with Notice of Revocation of the Power of Attorney." *Id.* ¶ 18.

---

[1] The complaint does not explain what it means by "settlement."

Defendants "persisted in their collection efforts," and on December 15, 2009, a Trustee's sale was held. *Id*. ¶¶ 20, 24. IMB was the highest bidder at the sale. *Id*. ¶ 25. Plaintiffs did not vacate the premises, and on February 10, 2010, plaintiffs were served with an unlawful detainer action that was filed in state court. *Id*. ¶ 27. The complaint seeks, *inter alia*, money damages and a declaration that the December 15, 2009 sale was illegal and is therefore void.[2]

On June 1, 2010, plaintiffs filed motions for entry of default against OneWest Bank, Quality Loan Service Corporation, and IMB REO LLC.[3] On June 2, 2010, plaintiffs filed motions for default judgment against these same defendants. On June 15, 2010, the Clerk of the Court entered default against IMB REO LLC, and declined default as to defendants OneWest Bank and Quality Loan Service Corporation. On June 10, 2010, OneWest Bank moved to dismiss the complaint. On June 28, 2010, IMB REO LLC filed a motion to set aside the entry of default. On July 1, 2010, plaintiffs filed a second motion for default judgment against IMB REO LLC. Plaintiffs' motions for default judgment, IMB REO LLC's motion to set aside the default, and OneWest Bank's motion to dismiss are all now before the Court.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss

---

[2] This is the third federal lawsuit filed by plaintiffs challenging the foreclosure of their home at 724 Appleberry Drive, San Rafael, California. On January 26, 2010, plaintiffs filed a lawsuit against California Reconveyance and JP Morgan Chase Bank, *John Geist and Becky Parker Geist v. Califonria Reconveyance Co. et al.*, C 10-367 CRB. In an order filed May 17, 2010, Judge Breyer dismissed plaintiffs' federal claims (for deprivation of Due Process under the Fourteenth Amendment and "cognovit note") with prejudice and dismissed plaintiffs' state law claims for lack of jurisdiction. On February 16, 2010, plaintiffs filed a lawsuit against all of the same defendants who are present in this case (OneWest Bank, Indymac Bank, Quality Loan Service Corporation, IMB REO LLC, First Source Financial USA, Inc., "John Doe and Jane Doe 1-100," and "One Up"), *John Geist and Becky Parker Geist v. First Source Financial USA, Inc. et al.*, 10-642 MHP. By order filed March 4, 2010, Judge Patel *sua sponte* dismissed the case for lack of jurisdiction. Judge Patel held that although the term "due process" was "sprinkled throughout the complaint," the complaint failed to state a federal question, and there was no basis for diversity jurisdiction. Both Judge Breyer and Judge Patel have found the present case to be not related to the earlier actions.

[3] Plaintiffs have not filed a certificate of service for defendant First Source Financial USA or "One Up."

3

is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  IMB REO LLC's motion to set aside default, plaintiffs' motions for default judgment

IMB REO LLC moves to set aside the Clerk's entry of default on the ground of excusable neglect and mistake. IMB REO LLC is an affiliate of One West Bank. IMB REO's counsel has submitted a declaration stating, *inter alia*, that after IMB was served with the complaint, IMB's counsel mistakenly believed that the complaint was an attempt by plaintiffs to amend the complaint in the prior case that had been dismissed by Judge Patel. Birkett Decl. ¶¶ 11-13. In addition, IMB mistakenly believed that service had not been properly effectuated. *Id*. ¶¶ 7-16. Once counsel learned that service had in fact been effectuated on IMB, and that default had been entered, IMB moved to set aside the

4

default. IMB also asserts that it has meritorious defenses, including plaintiffs' failure to state a claim. Plaintiffs assert that IMB's "confusion" was unreasonable, and that there is no basis to set aside the default.

"For good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (internal citations and quotations omitted). In addition, "where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." *Id*. The Court finds that IMB has shown good cause to set aside the default, and also that it is appropriate to set aside the default in order to resolve plaintiffs' claims on the merits. The Court GRANTS IMB's motion to set aside the default and DENIES plaintiffs' motions for default judgment against IMB.

With regard to plaintiffs' motions for default judgment against the other defendants, the Clerk has declined default as to these defaults, and accordingly the Court cannot grant a default judgment. Further, these defendants have appeared in the case and have moved to dismiss plaintiffs' complaint. The Court DENIES plaintiffs' motions for default judgment.

## II. OneWest Bank's motion to dismiss

OneWest Bank has moved to dismiss complaint, and Quality has joined in the motion. OneWest's motion addresses nine "causes of action" alleged in the complaint. However, it is not clear from a review of the complaint precisely what causes of action are being alleged by plaintiffs.[4] The Court has reviewed the complaint and the parties' papers in an effort to discern the federal claims that are alleged in the complaint, as the complaint alleges that this Court has federal question jurisdiction. Compl. at p. 3 "Statement of Jurisdiction." For the reasons discussed below, the Court concludes that plaintiffs have failed to state a claim under federal law, and accordingly the federal claims are

---

[4] For example, the complaint contains a heading "Allegations of Fact – Cause of Action" with numerous subheadings such as "Defendants Failed in their Fiduciary Responsibility," "Defendants Have No Standing Due to Fraud," and "Non-Judicial Foreclosure Unconstitutional; State Complicity." Compl. at p. 9.

5

DISMISSED.

### A.     Deprivation of due process

The complaint alleges that "[b]y enacting the statutes allowing non-judicial foreclosures, the California government is complicit with the banks in depriving homeowners of their property without due process, in violation of the Constitution (including but not limited to Amendments 14, 1, 5 and 7)." Compl. at 3:2-4. Plaintiffs alleged this same claim in the case before Judge Breyer, and he dismissed the claim with prejudice, holding "it is well-settled law that non-judicial foreclosure proceedings do not involve 'state action,' even though such proceedings are regulated by state law. *See Apao v. Bank of New York*, 324 F.3d 1091 (9th Cir. 2003). Because the Fourteenth Amendment applies only to actions by state actors, Plaintiff's Fourteenth Amendment claim fails as matter of law." May 18, 2010 Order at 3:3-7 (C 10-367 CRB).

The Court agrees with Judge Breyer's analysis that plaintiff's Fourteenth Amendment is barred by *Apao*, and thus the claim fails as a matter of law.[5] *See Apao*, 324 F.3d at 1094-95; *Garfinkle v. Superior Ct.*, 21 Cal. 3d 268, 276 (1978) (holding that, because California's "nonjudicial foreclosure statutes do not . . . compel inclusion of a power of sale in a deed or trust or provide for such a power of sale when one has not been included by the parties," non-judicial foreclosure proceedings are not state actions). Accordingly, this claim is DISMISSED with prejudice.

### B.     Cognovit

The complaint alleges that the "Power of Sale" clause contained in the Deed of Trust is a "cognovit clause." Compl. ¶ 32; *see also id*. at p. 16 ("Deed of Trust Violates Plaintiffs' Rights as a Cognovit Note"). Plaintiffs alleged this identical claim in the case before Judge Breyer, and he held that the claim fails as a matter of law:

> A cognovit is 'an ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.' *D. H.*

---

[5] The First and Seventh amendments do not apply to due process claims, and the Fifth Amendment applies to due process claims against federal actors.

6

> *Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972). 'It is written authority of a debtor and direction by him for the entry of judgment against him if the obligation set forth in the note is not paid when due . . . . [I] cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it.' *Id.* at 176 n.2. A cognovit may be unconstitutional under certain circumstances. *Id.* at 185.
>
> Plaintiffs' claim fails in this case because the power of sale clause at issue is not a cognovit. The relevant clause allows Defendants to sell the Geists' property in the event of the Geists' default on their home equity loan.[6] It does *not* permit the Defendants to obtain a judgment against the Plaintiffs from a court of law without notice or a hearing. Nor does it preclude Plaintiffs from challenging the foreclosure sale in a judicial proceeding or prevent Plaintiffs from raising any defenses they may have to the validity of the debt contract. It similarly fails to cut off Plaintiffs' rights to appeal any judgment that Defendants obtain through a judicial proceeding. In short, the power of sale clause is not a cognovit.

May 18, 2010 Order at 4:20-5:11 (C 10-367 CRB).

The Court agrees with Judge Breyer's analysis that the power of sale clause is not a cognovit, and thus plaintiff's claim fails as a matter of law and is DISMISSED with prejudice.

### C. Miscellaneous references to federal statutes

The complaint contains references to various federal statutes, including 12 U.S.C. § 2605 (RESPA), 12 U.S.C. § 93 (forfeiture of franchise), and securities fraud statutes, but does not directly allege any claims under these statutes. In addition, although defendant's motion refers to "plaintiffs' claims related to Truth in Lending violations," the complaint does not allege a claim under TILA, and the Court was unable to locate any allegations in the complaint regarding TILA.

Because it is unclear from plaintiffs' complaint whether they wish to allege any claims under the federal statutes that are simply referenced in the complaint, the Court will grant LIMITED leave to amend. If plaintiffs wish to allege claims under these federal statutes, the amended complaint must (1) separately identify each federal cause of action, (2) identify which defendants the federal claims are alleged against, (3) allege the facts in support of each federal claim, including facts showing that the claims are timely. The Court notes that there does not appear to be any factual or legal basis for any

---

[6] Defendants have filed a request for judicial notice showing that plaintiffs refinanced the property approximately four times over seven years, and also obtained a home equity line of credit. *See* Docket No. 21. The case before Judge Breyer involved, inter alia, the home equity loan. Plaintiffs claim that the power of sale clause in the home equity loan documents is the same claim alleged here about the power of sale clause in the Deed of Trust.

7

claims under securities fraud laws, or 12 U.S.C. § 93.[7]

**D.     State law claims**

As the current complaint fails to state a federal claim, the Court does not address plaintiffs' state law claims. In the event plaintiffs either do not wish to pursue any federal claims or are unable to state a federal claim in an amended complaint, the Court will decline jurisdiction over the state law claims, and dismiss those claims without prejudice to being refiled in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IMB REO LLC's motion to set aside default, DENIES plaintiffs' motions for default judgment, and GRANTS OneWest Ban k's motion to dismiss with leave to amend. (Docket Nos. 10, 11, 12, 19, 27, 28 & 32). If plaintiffs wish to file an amended complaint, they must do so by **August 23, 2010**.

**IT IS SO ORDERED.**

Dated: August 9, 2010

SUSAN ILLSTON
United States District Judge

---

[7] 12 U.S.C. § 93 imposes personal liability on directors of national banking associations for violations of the National Bank Act. *See generally Harmsen v. Smith*, 542 F.2d 496 (9th Cir. 1976).

8