IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. GEIST and BECKY PARKER GEIST, | No. C 10-1879 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| ONEWEST BANK, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss the amended complaint is scheduled for a hearing on October 26, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss the amended complaint, without leave to amend.

**BACKGROUND**

On August 23, 2010, *pro se* plaintiffs John and Becky Geist filed an amended complaint against OneWest Bank and IMB REO LLC.[1] The amended complaint seeks to vacate the non-judicial foreclosure of their house at 724 Appleberry Drive, San Rafael, California. The complaint alleges that plaintiff obtained a "predatory" loan on or about June 14, 2003. FAC ¶ 27. The loan was originated by First Source Financial USA. *Id*. The complaint alleges that defendant OneWest began servicing the loan in October 2003. *Id*. ¶ 38.

---

[1] Plaintiff's original complaint named these defendants, as well as other defendants. In an order filed August 9, 2010, the Court granted OneWest's motion to dismiss the original complaint, and granted plaintiffs leave to amend.

On or about August 20, 2009, a "Notice of Default and Election to Sell under Deed of Trust" was executed by Quality Loan Service Corporation, as "purported Trustee on behalf of purported beneficiary ONEWEST." *Id.* ¶ 39. The complaint alleges that the Notice of Default stated that ". . . the present beneficiary . . . has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby . . . ." *Id.* ¶ 40. The complaint alleges that the Notice of Default was fraudulent because "Quality then, according to the [Notice of Default] claimed to be in possession of both the deed and the underlying obligation, i.e. Note secured by it. . . . This was false. The foreclosing party does not hold the Note." *Id.* Plaintiffs allege that "[n]either ONEWEST nor QUALITY had standing to foreclose because only the 'Holder in Due Course' of the Note could possibly have a claim against the property." *Id.* ¶ 47.

On October 5, 2009, a Substitution of Trustee was recorded by the Marin County Recorder, naming Quality as purported substitute Trustee for OneWest, which signed the document as "beneficiary." *Id.* ¶ 63. On December 12, 2009, Quality proceeded with a Trustee sale, at which defendant IMB REO LLC was purportedly the highest bidder. *Id.* ¶ 73. The complaint alleges that the Trustee sale was not lawful because, *inter alia*, "a. Plaintiffs' Note was securitized; b. [Deed of Trust] was not enforceable due to lack of assignment to any of the Defendants from [First Source Financial USA]; c. QUALITY was not a legitimate trustee due to ONEWEST not being a beneficiary and also due to a defective procedure; [and] d. IMB as purported bidder was not present at auction as stated." *Id.* The complaint seeks, *inter alia*, money damages and a declaration that the December 15, 2009 sale was illegal and is therefore void.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and

2

must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      Fair Debt Collections Practices Act**

Plaintiffs allege that defendants violated the FDCPA by making false, deceptive and misleading representations regarding their standing to foreclose on the property and defendants' interest in the debt. FAC ¶ 96(a). The complaint alleges violations of 15 U.S.C. § 1692d ("Harrassment or abuse"); 15 U.S.C. § 1692e ("False or misleading representations"); 15 U.S.C. § 1692f ("Unfair practices"); and 15 U.S.C. § 1692g ("Validation of debts").

In order to establish a claim under the Fair Debt Collections Practices Act, a plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

3

Defendants contend that plaintiffs cannot state a claim under the FDCPA because "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). The *Hulse* court explained,

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.... Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

*Id.* Although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes "debt collection" under the FDCPA, district courts throughout the Ninth Circuit have concluded that it does not. *See e.g.*, *Diessner v. Mortg. Elec. Reg. Sys.*, 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009); *Aniel v. T.D. Serv. Co.*, No. C 10-3185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010); *Powell v. Mortg. Residential Capital*, No. C 09-04928 JF, 2010 WL 2133011, at *6 (N.D. Cal. May 24, 2010); *Landayan v. Washington Mut. Bank*, C 09-916 RMW, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009); *Castro v. Executive Trustee Servs.*, *LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009); *Gallegos v. Recontrust Co.*, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009). The Court agrees with the reasoning of these courts and holds that foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA. Accordingly, the Court GRANTS defendants' motion to dismiss this claim without leave to amend.

## II. Federal Criminal Statutes

The amended complaint alleges claims under various federal criminal statutes, 18 U.S.C. § 541 (securities fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1348 (securities and commodities fraud); 18 U.S.C. § 1623 (false declarations before grand jury or court). In response to defendants' motion to dismiss these claims, plaintiffs concede that they cannot bring a private claim under these statutes. Opp'n at 17:18-28. Accordingly, the Court DISMISSES these claims without leave to amend.

**III.    State claims**

With the dismissal of the federal claims, there is no longer any basis for federal jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and DISMISSES these claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiffs may pursue their state law claims in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the amended complaint.  (Docket No. 63).  The Court did not rely on the declarations filed by plaintiffs, and therefore the Court does not address defendants' evidentiary objections and motions to strike.

**IT IS SO ORDERED.**

Dated: October 19, 2010

SUSAN ILLSTON
United States District Judge