IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. GEIST and BECKY PARKER GEIST,      No. C 10-1879 SI

    Plaintiffs,

  v.

ONEWEST BANK, *et al.,*

    Defendant.

                                            /

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

Defendants have filed a motion for an award of attorney's fees pursuant to the Federal Fair Debt Collection Practices Act ("FDCPA"). The motion is scheduled for a hearing on January 28, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court hereby DENIES defendant's motion.

## DISCUSSION

On August 23, 2010, *pro se* plaintiffs John and Becky Geist filed an amended complaint against OneWest Bank and IMB REO LLC.[1] The amended complaint sought to vacate the non-judicial foreclosure of their house at 724 Appleberry Drive, San Rafael, California. Plaintiffs alleged, *inter alia*, that defendants violated the FDCPA by making false, deceptive and misleading representations regarding their standing to foreclose on the property and defendants' interest in the debt. FAC ¶ 96(a).

---

[1] Plaintiff's original complaint named these defendants, as well as other defendants. In an order filed August 9, 2010, the Court granted OneWest's motion to dismiss the original complaint, and granted plaintiffs leave to amend.

1 The complaint alleged violations of 15 U.S.C. § 1692d ("Harassment or abuse"); 15 U.S.C. § 1692e
2 ("False or misleading representations"); 15 U.S.C. § 1692f ("Unfair practices"); and 15 U.S.C. § 1692g
3 ("Validation of debts"). In an order filed October 19, 2010, the Court dismissed plaintiffs' FDCPA
4 claims on the ground that foreclosing on a deed of trust does not invoke the statutory protections of the
5 FDCPA.

6 Defendants now move for attorney's fees and costs in the amount of $17,553.50. In order for
7 a prevailing defendant to qualify for attorney's fees and costs under the FDCPA, the plaintiff must have
8 filed the suit "in bad faith and for the purpose of harassment." *Rouse v. Law Offices of Rory Clark, et*
9 *al.*, 603 F.3d 699, 701 (9th Cir. 2010). The decision to grant attorney's fees under the FDCPA is at the
10 discretion of the Court. *See Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1139-40 (9th Cir.
11 2009).

12 Defendants argue that the Court should infer that plaintiffs brought this case in bad faith because
13 the FDCPA claims were without merit. Defendants also note that this is the third lawsuit brought by
14 plaintiffs in this district, and that all three lawsuits were ultimately dismissed without leave to amend.
15 Plaintiffs respond that their "goal was to pursue our legal right to attempt to safeguard our home from
16 unlawful foreclosure . . . not for any improper purpose . . . ." Opp'n at 2:3-5.

17 In light of plaintiffs' *pro se* status, and on this record, the Court exercises its discretion and
18 DENIES defendants' motion for attorneys' fees and costs. The Ninth Circuit has recognized that a *pro*
19 *se* plaintiff's ignorance of the complexities of law does not necessarily indicate that the litigation was
20 pursued in bad faith for the purpose of harassment under the FDCPA. *See Juras v. Aman Collection*
21 *Serv.*, 829 F.2d 739, 745 (9th Cir. 1987).

23 **IT IS SO ORDERED.**

25 Dated: January 24, 2011

SUSAN ILLSTON
United States District Judge

2